UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CASE NO.: 5:06CR524 |
| Plaintiff, ) | |
| ) | |
| v. ) | Judge John R. Adams |
| ) | |
| LARRY WILLIAMS, ) | **ORDER AND DECISION** |
| ) | (referencing Doc. 34) |
| Defendant. ) | |
| ) | |

Pending before this Court is a motion filed by Defendant, Larry Williams, pursuant to 18 U.S.C. § 3582(c) for a reduction in his sentence under the Fair Sentencing Act of 2010, Pub.L. No. 111–220, 124 Stat 2372 (2010) ("FSA") and Amendment 782 to the United States Sentencing Guidelines ("Amendment 782") (eff. Nov. 1, 2014). Amendment 782 made retroactive changes to the Sentencing Guideline's drug quantity base offense levels by a reduction of two levels. *See* U.S. Sentencing Guidelines Manual, App. C. The Government filed a brief in opposition to Defendant's motion. For the reasons stated herein, the motion is <u>DENIED</u>.

**I.    FACTS AND PROCEDURAL HISTORY**

According to the Presentence Investigation Report, on June 28, 2006, police executed a search warrant at the Defendant's girlfriend's residence. Law enforcement found the Defendant in possession, with intent to distribute, approximately 88.73 grams of crack cocaine and approximately 24.08 grams of heroin. The drugs were found in a bedroom where the Defendant

1

was sleeping at the time of the search. Numerous items of drug paraphernalia and packaging materials were also found throughout the residence.

At the time of the search, officers recovered a receipt for a storage facility in the name of a third party and the Defendant. Police executed a subsequent search warrant at a U-Haul storage facility, which produced four firearms and ammunition. The Defendant had access and control over the storage facility and had used a third party to lease the unit, although he provided the money to pay for the rent and had a key.

The Defendant later pled guilty to a three-count indictment, including possession with intent to distribute cocaine base ("crack"), possession with intent to distribute heroin, and felon in possession of a firearm. This Court then sentenced him to 151 months imprisonment as to Count 1 and to 120 months incarceration as to Counts 2 and 3, to run concurrent to each other and consecutive to the Defendant's state sentence. This sentence was within the guideline range of 151 to 188 months of incarceration, at a total offense level of 29 and a Criminal History Category designation of VI.

The Defendant now moves this Court for an additional two-level decrease as a result of the 2014 amended sentencing guidelines.

## II. LAW AND ANALYSIS

### A. Legal Standard

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States,* 130 S.Ct. 2683, 560 U.S. 817, 819 (2010) (*citing* 18 U.S.C. §3582(c)). However, "Congress has provided an exception to that rule 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has

2

subsequently been lowered by the Sentencing Commission.'" *Id.* In those circumstances, the statute authorizes a court to reduce the term of imprisonment "…if such a reduction is consistent with…" applicable Commission policy statements. U.S. Sentencing Commission, Guidelines Manual §1B1.10(b)(2) (Nov. 2009) (USSG)). "The relevant policy statement, USSG § 1B1.10, instructs courts proceeding under §3582(c)(2) to substitute the amended Guidelines range while 'leav[ing] all other guidelines application decisions unaffected.'" *Id.* (*quoting* §1B1.10(b)(1)).

Looking at §3582(c)(2), "a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Id.* Thus, the statute establishes a two-step inquiry that must be followed: 1) a court must determine that a reduction is consistent with §1B1.10; and 2) the court must then consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in §3553(a). *Id.* at 826.

At step one, the statute requires the court to follow the Commissions' instructions in §1B1.10 to determine the prisoner's eligibility for sentence modification and the extent of the reduction authorized. *Id.* at 827. Specifically, the court must begin by "…determin[ing] the amended guideline range that would have been applicable to the defendant…" had the relevant amendment been in effect at the time of the initial sentencing. *Id.* (*quoting* 18 U.S.C. §3582(c)(2)). Courts generally may not reduce the defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range produced by the substitution. § 1B1.10(b)(2)(A). If the sentencing court originally imposed a term of imprisonment below the Guidelines range, only then is the court authorized to impose a term "comparably" below the amended range. *Dillon*, 560 U.S. at 827.

3

At the second step of the inquiry, the court must then consider any applicable factors set forth in §3553(a) and "determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id.* Section 3553(a) provides that a "court shall impose a sentence sufficient but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," and it enumerates several factors a court "shall consider" in determining an appropriate sentence, including "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1); *see also Dillon*, 560 U.S. at FN2.

### B. The Defendant's Motion for Sentence Reduction

Under the first step of the analysis, the Defendant would otherwise be eligible for a sentence reduction under §1B1.10. Under the 2014 amendment to the Sentencing Guidelines, the Defendant would be eligible for a reduced sentencing guideline range of 130 to 162 months, as reflected by a total offense level 27 and a Criminal History Category designation of VI. However, after reviewing the Defendant's criminal history and considering the statutory factors set forth in 18 U.S.C. §3553(a), further reduction is inappropriate at this time.

The Defendant's criminal history is significant. At the age of 13 years old, he admitted guilt and was adjudicated delinquent for burglary, violation of probation, possession of stolen auto, and criminal trespass to vehicle and land. Approximately each year thereafter until he reached the age of 17 years old, the Defendant engaged in similar burglary, auto theft, possession of stolen property and criminal trespass. In 1996, when the Defendant was 17 years old, he was found guilty of armed robbery of a store using a chrome automatic handgun brandished to store

4

clerk. At the time of his arrest, the Defendant admitted being a member of the Gangster Disciples street gang. He was sentenced to seven years in prison.

Upon his release, the Defendant returned to his previous pattern of criminal activity and was sentenced to three years of incarceration for burglary. At the age of 26 years old, a jury convicted the Defendant of trafficking in cocaine in the vicinity of Central Hower High School in Akron, Ohio. The next year, the Defendant was convicted for Involuntary Manslaughter and possession of a firearm.

While the charges were eventually deemed nolle prosequi, the Court would note that, in 2002, the Defendant was charged with Murder-Intent to Kill/Injure and Murder-Strong Probability to Kill/Injure, Murder-Other Forcible Felony, Home Invasion with Firearm, Home Invasion with Discharge of Firearm, Home Invasion with Discharge of Firearm/Harm, Armed Robbery with Firearm.

The Court is troubled by the Defendant's extensive criminal history and his propensity to engage in violent or drug-related criminal conduct. Considering the nature and circumstances of the offense and the Defendant's history and characteristics, continued incarceration is necessary to protect the public and afford adequate deterrence to further criminal conduct. 18 U.S.C. §3553(a). The Court's current sentence of 151 months on Count 1 and 120 months on Counts 2 and 3 appropriately reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense in light of Amendment 782. *Id*.

### III. CONCLUSION

Given this, after consideration of the statutory factors set forth in 18 U.S.C. §3553(a), a further sentencing reduction is inappropriate at this time. The Defendant's motion is hereby DENIED.

IT IS SO ORDERED.

| | |
|---|---|
| November 23, 2015 | */s/ John R. Adams* |
| Date | Judge John R. Adams |
| | United States District Court |