UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:06CR524 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| -vs- | ) | |
| | ) | |
| LARRY WILLIAMS, | ) | ORDER |
| | ) | |
| | ) | |
| Defendant. | ) | |

Pending before the Court is Defendant Larry Williams' motion for resentencing. The motion is DENIED.

In his motion, Williams appears to contend that since the final court to sentence him ordered his state and federal sentences to run concurrent to one another, this Court must amend his sentence to reflect that fact. Specifically, Williams' final sentence from the Summit County Court of Common Pleas ordered his state and federal sentences to run concurrently.

Williams, however, ignores Supreme Court precedent that resolves this issue.

> If a prisoner like Setser starts in state custody, serves his state sentence, and then moves to federal custody, it will always be the Federal Government—whether the district court or the Bureau of Prisons—that decides whether he will receive credit for the time served in state custody. And if he serves his federal sentence first, the State will decide whether to give him credit against his state sentences without being bound by what the district court or the Bureau said on the matter.

*Setser v. United States*, 132 S. Ct. 1463, 1471, 182 L. Ed. 2d 455 (2012). In the instant matter, Williams has served his state sentence. Accordingly, it is this Court and the Bureau of Prisons

that will determine whether he receives credit against his federal sentence for the time he spent serving his state sentence.  This Court was clear at the time of Williams' sentencing that it intended for his federal sentence to run consecutive to his state sentence.  As such, there is no legal or factual basis for this Court to now consider altering that sentence, and the Bureau of Prisons should fulfill this Court's sentencing order and not grant credit for Williams' time in state custody.  The motion for resentencing is DENIED.

    IT IS SO ORDERED.


Dated:  January 12, 2017                             */s/ John R. Adams*
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE